John J. Davis, for use of Mrs. Annie M. Purdy, *v.* C. G. Huggins, Appellant.

*Judgment—Evidence—Failure of consideration—Partnership.*

H. and D. were partners in a manufacturing establishment, owning the machinery in a building which they rented from D.'s wife. They dissolved partnership, H. buying out D.'s interest, giving him therefor a judgment note. On the same day H. took a renewal lease from D.'s wife. Subsequently D. and his wife executed a mortgage of the real estate, which was subsequently foreclosed and the property sold. On an issue to determine the validity of the judgment entered upon the judgment note which H. had given D., it was proper to exclude evidence of the mortgage and its foreclosure for the purpose of showing that D.'s share of the fixtures had been conveyed away by the foreclosure proceedings, and that therefore there had been a failure of consideration for the judgment note.

Argued Nov. 5, 1896. Appeal, No. 157, Oct. T., 1896, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1894, No. 80, on verdict for plaintiff. Before STER-

RETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Issue to determine the validity of a judgment entered upon a judgment note.   Before KENNEDY, P. J.

At the trial it appeared that for several years prior to January 1, 1891, the appellant, Curtis G. Huggins, and the appellee, John J. Davis, were copartners, and that they jointly owned a mill for roasting coffee, peanuts, etc., also for grinding coffee, etc., that they conducted their business under the firm name and style of the Allegheny Roasting Company, at No. 248 Howard street, in Allegheny City, Pa.   Their mill was erected on a leasehold which they obtained from Lillie M. Davis, the wife of the said John J. Davis, running from about 1887 to the first day of January, A. D. 1891, at which time they agreed upon a dissolution of their copartnership business and executed three papers; the first, a lease from Lillie M. Davis to Huggins; the second, a judgment note from Huggins to John J. Davis, for $1,750.59, the third the following agreement, known as "Exhibit, A."

"This is to certify that John J. Davis has sold his interest in the Allegheny Roasting Company to Curtis G. Huggins for the sum of seventeen hundred and fifty dollars and fifty-nine cents ($1,750.59); for the said amount Curtis G. Huggins has given the said John J. Davis a judgment note to bear interest at 6 per cent, payable quarterly, and it is further agreed that the title to the said Allegheny Roasting Company, for which this note is given, shall remain in said John J. Davis until this note is fully paid.   Further agreed that Curtis G. Huggins shall not sell the Allegheny Roasting Company or take any partner until the said John J. Davis is fully paid, and in consideration of this contract John J. Davis agrees to wait on the payment of judgment note four years from January 1, 1891, also if not convenient to pay all at that time to renew the note and extend the time.

"Witness my hand and seal 1st day of January, 1891.

                            "C. G. HUGGINS.        [SEAL].
                            "JOHN J. DAVIS.        [SEAL].
                            "MINNIE F. GALLAGHER.   [SEAL].
                            "LILLIE M. DAVIS."        [SEAL].

Subsequently Mr. and Mrs. Davis joined in a mortgage of the real estate, and in 1893, this mortgage was foreclosed and the property sold at sheriff's sale to Gallagher Brothers. When the defendant was on the witness stand, his counsel made the following offer:

Mr. Smith: I offer "Exhibit A," which is a sale, or provides for a sale of Mr. Davis' interest in the Allegheny Roasting Company, and I offer by this witness on the stand to explain what this interest in the Allegheny Roasting Company consisted of, for the purpose of showing that it consisted of his share of these fixtures; for the further purpose of showing that they belonged to the real estate and were carried away by this mortgage of Mr. and Mrs. Davis, and that therefore Mr. Davis was unable to convey them as he purported to in his agreement, and to show a failure of consideration in that way.

Objected to as immaterial, for the reason that Mr. Huggins has said that he knew that the fixtures belonged to Mr. Davis before 1891. Objected to further because these men were partners, and partners are supposed to know all the goods or property that the firm owns. They are bound by a knowledge of the books.

The Court: Objection sustained, and at the instance of counsel for the defendant, exception noted and bill sealed. [1]

"Q. Mr. Huggins, at the time that you folks went there to begin this business was this building and machinery there then? A. No, sir. Q. Who put the stuff there? A. The firm, the Allegheny Roasting Company. Q. On Mrs. Davis' property? A. Yes. Q. Under what right did you take there then, had you a lease from Mrs. Davis? A. We had a lease as far as I remember. Q. You were there as tenants of Mrs Davis? A. Yes, sir. Q. Did you pay her rent? A. Yes, sir. Q. And you erected these fixtures for the purpose of your trade? A. Yes, sir."

Mr. Smith: I offer this mortgage in evidence, recorded in mortgage book, vol. 630, page 84, from John J. Davis and Lillie M. Davis, his wife, to the United Security Life Insurance & Trust Company of Pennsylvania, mortgage dated the 27th of September, 1892, for the consideration of $3,000, for the purpose of showing that the property which it was intended should be conveyed, in pursuance of this agreement "Exhibit A" was

sold or conveyed by Mr. and Mrs. Davis, and has not and cannot now be conveyed by Davis to Huggins, for the purpose of showing failure of consideration.

Objected to as before.

The Court: Objection sustained, and at the instance of counsel for defendant, exception noted and bill sealed. [2] .

The court charged as follows:

[Under all the evidence in this case, your verdict must be for the plaintiff for the amount of his claim, and I so instruct you. [3]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, but not quoting the bill of exceptions; (3) above instruction.

*A. C. Patterson*, with him *Craig Smith*, for appellant.—Both parties considered that the agreement was not a consideration or payment to consummate a sale between them, but only a means to bring about that desired end: Union Canal Co. v. Young, 1 Wharton, 432; Youst v. Martin, 3 S. & R. 423; Ashmead v. Hean & Moulfair, 13 Pa. 584; Duff v. Patterson, 159 Pa. 312.

Everything put into and forming part of a building, or machinery for manufacturing purposes, and essential to the manufactory, is part of the freehold: Gray v. Holdship, 17 S. & R. 415; Voorhis v. Freeman, 2 W. & S. 116; Pyle v. Pennock, 2 W. & S. 390; Ege v. Kille, 84 Pa. 333; Morris's App., 88 Pa. 368.

*Carroll P. Davis*, for appellee.—A judgment note may be entered up at any time: Volkenand v. Drum, 143 Pa. 525.

Huggins bought the interest of Davis in the Allegheny Roasting Company, and the written contract defines what he bought. These men were partners, there was no confidential relationship between them, and Huggins was bound to know what Mr. Davis's interest consisted of: Geddes's App., 80 Pa. 442.

The testimony offered would tend to make a contract other than what the parties intended to make, and did make: Clarke v. Allen, 132 Pa. 40; Morton v. Berens, 67 Pa. 459.

Pennsylvania cases all recognize the tenant's right to remove trade fixtures during his term: Seeger v. Pettit, 77 Pa. 440; Hill v. Sewald, 53 Pa. 271; Harmony Bldg. Assn. v. Berger, 99 Pa. 324; Taylor on Landlord and Tenant, sec. 119; Brown v. Gray, 5 Watts, 17.

It is to be presumed that the mortgagee knew that he took subject to Huggins's lease, and whether he knew it or not, he could not disturb Huggins in the enjoyment of what he bought from Davis: Hottenstein v. Lerch, 104 Pa. 460; Rowe v. Ream, 105 Pa. 543.

The third specification of error is in giving binding instruction to find for plaintiff, and in so doing the court below is sustained by this court in English's Appeal, 119 Pa. 535; Phillips v. Meily, 106 Pa. 544; Jackson v. Payne, 114 Pa. 67.

A purchaser of personal property, in full possession thereof, cannot refuse to pay for it because a third party has asserted a superior title and threatened to bring suit for the recovery of the property, or its value. The notice and threat to sue, without more, did not absolve the defendant from his liability to pay his notes: Geist v. Stier, 134 Pa. 224.

PER CURIAM, January 4, 1897:

In view of the evidence in support of the plaintiff's claim, and the absence of any testimony on which to base a valid defense, the learned president of the common pleas was clearly right in directing the jury to find in favor of the plaintiff for the full amount of his claim. There was no error in excluding the offers recited in the first and second specifications respectively, nor is there anything in the case that requires further notice.

Judgment affirmed.